# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Estefania Correa Restrepo, | Case No. 2:25-cv-00119-RFB-DJA |
| Plaintiffs, | |
| v. | **Order** |
| Amazon.Com Services LLC, | |
| Defendant. | |

This is an employment dispute.  Defendant moves to compel Plaintiff to respond to certain discovery requests (ECF No. 28) and for a blanket protective order to govern the parties' exchange of information (ECF No. 29).  Plaintiff moves to strike Defendant's reply in support of its motion to compel or, in the alternative, for leave to file a surreply.  (ECF No. 37).  The Court set a hearing on the motion to compel and motion for protective order for May 5, 2026.  (ECF No. 30).  However, the Court finds that the motion for protective order is more efficiently handled in a written order.  Because the Court finds that Defendant's request for a blanket protective order is warranted in this case to govern discovery exchanges, but that Defendant's proposed protective order contains provisions that do not comport with the Federal and Local Rules, it grants the motion in part and denies it in part.  The Court will require the parties to meet and confer and stipulate to a protective order governing the parties' exchange of confidential information that corrects the issues the Court will address.  Additionally, because the Court finds that Defendant's reply in support of its motion to compel does not raise new arguments or facts for the first time as Plaintiff argues, the Court denies Plaintiff's motion to strike or for a surreply.  The Court will still hear the motion to compel (ECF No. 28) at the May 5, 2026, hearing.

///

///

///

I.      **Discussion.**

   A.      *Defendant's motion for protective order.*

Federal Rule of Civil Procedure 26(c) governs protective orders.  Fed. R. Civ. P. 26(c).  It provides that the "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  There are three types of protective orders in federal practice.  *Federal Deposit Insurance Corporation v. Lewis*, No. 2:10-cv-439-JCM-VCF, 2015 WL 13667215, at *1 (D. Nev. July 29, 2015).  The first—protective orders—protect a person from producing information in response to a discovery request.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2), (c)(1)(A), (c)(1)(C)-(E).  The second— sealing orders—protect a person's privacy interests by preventing the public from accessing court records.  *See, e.g.*, Fed. R. Civ. P. 26(c)(1)(F)-(H).  The third—blanket protective orders—are (typically) stipulated agreements between the parties that generally require discovery to be conducted in a certain manner or be kept confidential.  *See, e.g.*, Fed. R. Civ. P. 26(c)(1)(B).

Rule 26(c) requires the moving party to make a "particularized showing" of Rule 26(c)(1)'s enumerated harms.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003); *see* Fed. R. Civ. P. 26(c).  However, because protective orders, sealing orders, and blanket protective orders serve different purposes, the nature of the "particularized showing" that is required to obtain each order necessarily differs.  *Federal Deposit Insurance Corporation*, 2015 WL 13667215, at *1.  A party cannot successfully oppose the entry of a blanket protective order by raising concerns about the public's right of access to judicial records or unsubstantiated fears that the party seeking the protective order is trying to avoid discovery.

Concerns about the public's right of access to judicial records are unsuccessful to oppose a blanket protective order because reliance on a blanket protective order does not justify the sealing of a court document.  *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006).  A blanket protective order governs discovery, which occurs out of court.  *Federal Deposit Insurance Corporation*, 2015 WL 13667215, at *1.  The public has no right to demand access to discovery materials that are solely in the hands of private party litigants.  *Id.*

Unsubstantiated concerns that the party seeking the protective order is trying to avoid discovery are also unsuccessful to oppose a blanket protective order.  Blanket protective orders are designed to expedite the discovery process by permitting litigants to freely exchange sensitive information without the risk of disclosure.  *See id.*  These orders are intended to facilitate the exchange of discovery documents, not prevent it, and typically make no findings that a particular document is confidential or that a document's disclosure would cause harm.  *See Small v. University Medical Center of Southern Nevada*, No. 2:13-cv-00298-APG-PAL, 2015 WL 1281549, at *3 (D. Nev. March 20, 2015).

The Court grants Defendant's motion for a protective order because it seeks a blanket protective order intended to govern discovery.  While Plaintiff argues that Defendant has not "identif[ied] any specific document or articulate[d] any particularized  harm that would result from disclosure of such materials," a blanket protective order does not require the same type of particularized showing as a typical protective order or sealing motion.  The Court finds Plaintiff's arguments against the blanket protective order unpersuasive.  The Court thus grants Defendant's motion for a protective order.  Having reviewed Defendant's proposed protective order, however, the Court finds that it contains a certain provision at odds with the Local Rules.  Section 8 permits a party to either file a redacted document, submit a document for in-camera review, or move to seal a document.  However, a filed document redacted for any reason other than that outlined in Federal Rule of Civil Procedure 5.2(a) and Local Rule IC 6-1 must be accompanied by a motion to seal that seeks to seal the un-redacted version and provides good cause or compelling reasons for the redactions.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006); *see Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016).  So, the parties must meet and confer and stipulate to a proposed protective order that corrects this issue.

### B.      *Plaintiff's motion to strike.*

Plaintiff moves to strike new arguments and evidence that she argues Defendant raised in its reply in support of its motion to compel.  (ECF No. 37).  However, having reviewed Defendant's reply and the arguments and evidence that Plaintiff argues is new, the Court finds that Defendant was appropriately responding to issues raised by Plaintiff in response to the

motion to compel and not improperly raising new issues in reply.  So, the Court denies Plaintiff's motion.

**IT IS THEREFORE ORDERED** that Defendant's motion for a protective order (ECF No. 29) is **granted in part and denied in part.**  The Court grants Defendant's request that the Court find a protective order appropriate.  The Court denies Defendant's request that it enter Defendant's proposed protective order.

**IT IS FURTHER ORDERED** that the parties must meet and confer and stipulate to a protective order governing the exchange of discovery.  The parties must file their stipulated protective order on or before **May 28, 2026.**

**IT IS FURTHER ORDERD** that Plaintiff's motion to strike (ECF No. 37) is **denied.**

DATED: April 28, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE